# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0193** (Mercer County 15-M-AP-09-WS )

**Kimberly Neal,**
**Defendant Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kimberly Neal, by counsel R. Thomas Czarnik, appeals the Circuit Court of Mercer County's February 1, 2016, order finding her guilty of one count of driving under the influence of alcohol or drugs ("DUI"). The State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erroneously found her guilty of DUI beyond a reasonable doubt.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, police responded to an emergency call from the employees of a gas station/convenience store ("store") in Mercer County, West Virginia. Police arrived and interviewed store employees, another witness, and petitioner. According to witnesses and the criminal complaint filed later that day, petitioner drove her vehicle erratically into the store's parking lot, missed the entrance, "slam[med]" on her brakes, "fish tailed then turned into [the] grass, swirved [sic] to miss [a] customer's truck [which was] on [the gas] pump," and struck an ice machine. One witness stated that petitioner "then got out of [the] vehicle unaware she had even hit anything[.]" In the criminal complaint, police described petitioner as "belligerent" and

---

[1]In the "Assignments of Error" section of her brief, petitioner raises three separate assignments of error: (1) that no testimony supported the finding that petitioner was under the influence of alcohol or drugs, and the arresting officer testified that he did not observe alcohol or drug use; (2) that the circuit court disregarded petitioner's testimony; and (3) that the evidence was insufficient. However, in the "Argument" section of her brief, petitioner combines her assignments of error into a single, undivided discussion. As such, we analyze petitioner's claims under a single issue: whether the circuit court erroneously found her guilty of DUI beyond a reasonable doubt.

1

"stagger[ing]" when she walked. Further, police observed an unopened can of beer on the passenger seat of petitioner's vehicle, and they discovered that petitioner's insurance card had expired. Upon failing all three field sobriety tests, petitioner was arrested on several misdemeanor charges, including driving under the influence of alcohol or drugs ("DUI").[2] Petitioner refused breath or blood testing.

The Magistrate Court of Mercer County held a bench trial on the DUI charge. At the conclusion of that trial, petitioner was found guilty and fined $100.[3] Petitioner appealed her magistrate court conviction to the Circuit Court of Mercer County.

In September of 2015, the circuit court held a bench trial. At trial, several witnesses testified that petitioner drove erratically and hit an ice machine in front of the convenience store. Evidence was also presented that after petitioner drove into the ice machine, she entered the convenience store and purchased beer. Petitioner reportedly appeared disoriented and confused and attempted to light the wrong end of a cigarette after purchasing beer. Two witnesses testified that petitioner appeared to be intoxicated. In her testimony, petitioner admitted to drinking an alcoholic beverage the night before the incident and to taking an over-the-counter allergy medication. Petitioner claimed that she had not slept that night because she was fighting with her boyfriend, who had in petitioner's words "already passed out" from drinking excessive alcohol when she went to the convenience store. She testified that she went to buy beer "hoping it would calm me down." She further claimed that she suffered from several medical conditions and "blacked out for a few seconds" that morning. At the conclusion of the bench trial, the circuit court found that petitioner committed DUI beyond a reasonable doubt, "probably [from] a combination of drugs and alcohol." The circuit court re-imposed the magistrate court's fine of $100 plus court costs and fees. This appeal followed.

Our standard of review of the circuit court's judgment after a bench trial was set forth in Syllabus Point 1 of *State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006):

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review. *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

With that standard in mind, we turn to petitioner's arguments.

---

[2] All but the DUI charge was later dismissed.

[3] Nothing in the appendix record indicates when the bench trial occurred in magistrate court. No conviction/sentencing order from magistrate court is included in the appendix record.

On appeal, petitioner argues that the circuit court erred in finding her guilty of DUI beyond a reasonable doubt. Petitioner argues that the evidence was insufficient to support such a finding because "[t]here was no proof of alcohol or drug intoxication[.]" Further, petitioner argues that her own testimony proved that she had not had any alcohol in more than twelve hours before the incident and that her medical issues explained her driving and behavior. The State responds that petitioner's admissions coupled with witness testimony as to her driving, behavior, and appearance clearly support the circuit court's finding.

Regarding challenges to the sufficiency of the evidence, this Court has explained that

> 3. "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syllabus point 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

> 4. "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pts. 3 and 4, *State v. Horn*, 232 W.Va. 32, 750 S.E.2d 248 (2013). To be convicted of DUI, the State had to prove beyond a reasonable doubt that petitioner drove a vehicle "in this state: (i) while . . . in an impaired state[.]" W.Va. Code § 17C-5-2(e). A person is an "impaired state" when she is "under the influence of alcohol . . . any controlled substance . . . any other drug or inhalant substance . . . or the combined influence of alcohol and any controlled substance or any other drug." *Id*. at 17C-5-2(a)(1).

In this case, the evidence is largely undisputed. In her own testimony, petitioner admitted that she drank alcohol the evening before the incident; that her boyfriend (with whom she spent the entire night) drank alcohol to excess and "passed out"; that she took an over-the-counter allergy medication; and that she drove to the store to buy more alcohol when her boyfriend "passed out." Several witnesses testified that petitioner drove erratically and crashed her vehicle into the store's ice machine. Petitioner then exited her vehicle unaware of her accident, entered

the store to buy beer, and lit a cigarette from the wrong end. She was also reported to be belligerent and to stagger when she walked.

Looking at the evidence in the light most favorable to the State and considering petitioner's burden of proof on appeal, we find that the State presented sufficient evidence upon which a trier of fact could conclude that petitioner "under the influence of alcohol . . . any controlled substance . . . any other drug or inhalant substance . . . or the combined influence of alcohol and any controlled substance or any other drug." While there was no direct evidence of alcohol consumption or drug use immediately prior to the incident, the circumstantial evidence was sufficient to establish DUI. As noted above, "a jury verdict should be set aside *only when the record contains no evidence*, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Horn*, 232 W.Va. 32, 750 S.E.2d 248, Syl. Pt. 4, in part. Given the evidence detailed above, we find no merit to petitioner's claims regarding the insufficiency of the evidence.

Petitioner further argues that her testimony proved her innocence, and the circuit court erred in failing to give it more weight. As explained above, we "must credit all . . . credibility assessments that the jury might have drawn in favor of the prosecution. . . . Credibility determinations are for a jury and not an appellate court." *Id.*; *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Having reviewed the record on appeal, the parties' arguments, and pertinent legal authority, we decline petitioner's invitation to second guess the circuit court's credibility determination regarding her testimony about medical issues and her "black out." We note that petitioner did not present medical records or expert medical witnesses to affirmatively defend against the charge or to otherwise rebut the State's prima facie case for DUI. We find that the circuit court was ideally situated to consider petitioner's testimony and evaluate her claims against the other evidence. Accordingly, we find no error.

For the foregoing reasons, the circuit court's February 1, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4